[Civ. No. 5060.  First Appellate District, Division Two.—January 2, 1925.]

MOORE SHIPBUILDING COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and CHAS. SIMMONS, Respondents.

[1] WORKMEN'S COMPENSATION ACT — OCCUPATIONAL DISEASE — APPORTIONMENT OF AWARD—EVIDENCE—FINDINGS.—Where the Industrial Accident Commission finds that the applicant for compensation contracted a certain occupational disease while in the employ of the employer for whom he had been working immediately preceding his illness, and there is no evidence or finding that the disease was contracted while he was engaged in the same line of work for the preceding employer, the Commission is without jurisdiction to apportion the award between the employers on the theory that the applicant might have contracted the disease to some extent in the prior employment.

Workmen's Compensation Act, **C. J.,** p. 117, n. 52 New.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.  Award annulled.

The facts are stated in the opinion of the court.

E. L. Stockwell and James M. Wallace for Petitioners.

Warren H. Pillsbury for Respondents.

NOURSE, J.—This is an original proceeding in *certiorari* to review an order of the Industrial Accident Commission awarding compensation to Charles Simmons.  The facts of the case are that for about two months immediately prior to March 6 or 7, 1924, the applicant was employed as a burner of armor plate by the petitioner Moore Shipbuilding Company.  From March 7 to March 10, 1924, he was not employed and on the latter date he entered the employ of the General Metal Supply Company, for which he worked as a burner until he was disabled by lead poisoning on March 21, 1924.  The petitioner Aetna Life Insurance Company was the compensation carrier for its copetitioner during the entire period of the applicant's employment by that company and two other insurance companies were successively carriers for the General Metal Supply Company during his

employment by that concern. A hearing was had before the respondent Commission on the application of the employee for compensation, and as a result of that hearing the respondent found that while employed as a burner by the *General Metal Supply Company* the applicant "contracted lead poisoning due to exposure of fumes containing lead in the course of his work." The further finding was made that the liability for the compensation awarded to the applicant should be apportioned in accordance with the time worked by the employee "under exposure to lead," and that the employee having worked forty-six days for the Moore Shipbuilding Company and eleven days for the General Metal Supply Company it was determined that the petitioner, Aetna Life Insurance Company, as carrier of the Moore Shipbuilding Company, should be held liable for 46.57 per cent of the total compensation awarded.

[1] The attack of the petitioner upon the award is that it is wholly unsupported by the findings on the part of the Commission. The point is that the jurisdiction of the Commission to apportion compensation among several employers where an employee has contracted an occupational disease during the course of the several employments can be sustained only upon a finding that the disease which constituted the "injury" defined in subdivision 4 of section 3 of the Workmen's Compensation Act (Stats. 1917, p. 831), as amended in Statutes 1919, page 911, existed at some stage of each prior employment. That is to say, that the power of the Commission to apportion the liability among several employers under the terms of the section cited is limited to a "case of aggravation of any disease existing prior to any such injury."

The petitioners set forth in their petition extracts of the evidence which was heard by the respondents covering the subject of the injury to the applicant, and the respondent concedes that this evidence is correctly stated. From the petition it appears that there was no evidence of any nature tending to show that the applicant had incurred or had shown any symptoms of the disease while employed by the petitioner Moore Shipbuilding Company, and the absence of such evidence was apparently in the minds of the members of the respondent Commission when they failed to

find on that fact.    On the other hand, the findings are that the applicant sustained injury while employed by the *General Metal Supply Company* and the apportionment of the award against the petitioner was based solely on the conjecture that while employed by petitioner the applicant *might have* contracted the disease to some extent.    But the direct testimony of the applicant showed that he had no symptoms of the disease while in the employ of the petitioner.

The Commission is required to make findings upon all facts involved in the controversy (sec. 20, Workmen's Compensation Act of 1917), and a failure to find that an injury was sustained or that a disease was contracted during the particular employment will not support an award against the one who was the employer during that period.    In this case the jurisdiction of the Commission to apportion the award rests upon a showing that the disease was contracted while in the employment of the Moore Shipbuilding Company. In this respect there is a failure in both proof and finding. It follows that the Commission exceeded its jurisdiction.

Award annulled.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 2, 1925.

All the Justices concurred, Lawlor, J., confining his concurrence to the first point discussed in the opinion, the failure to make a finding.