[Civ. No. 5411. Second Appellate District, Division Two.—January 28, 1927.]

S. H. COOMBS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and OLIVER J. MUSLAND, Respondents.

[1] WORKMEN'S COMPENSATION ACT — STIPULATIONS—ATTEMPTED REPUDIATION — AFFIDAVITS—RECORD—CERTIORARI.—Where the return to the writ of *certiorari* in a proceeding to review a supplemental award of the Industrial Accident Commission for a surgical operation and hospital bills, pursuant to the Workmen's Compensation Act, discloses that the employer entered into certain stipulations, but later, and subsequent to a first supplemental award, filed affidavits repudiating them, the stipulations must be accepted as found in the return and the affidavits disregarded, as the record cannot be so changed.

[2] ID. — INDUSTRIAL ACCIDENT COMMISSION — POWER TO RESERVE AN AWARD — JUDGMENTS. — The Industrial Accident Commission has power to reserve an award for surgical and hospital treatment, although wherever possible a single final judgment should be made covering all matters involved.

[3] ID. — SUPPLEMENTAL AWARD — MEDICAL AND HOSPITAL BILLS — JUDGMENTS. — A supplemental award by the Industrial Accident Commission for surgical and hospital treatment in accordance

2. See 27 Cal. Jur. 491.

with the original decision cannot be disturbed after such decision has become final.

[4] ID. — REASONABLENESS OF CHARGE FOR MEDICAL AND HOSPITAL TREATMENT—FINALITY OF AWARD—CERTIORARI.—Where the original decision of the Industrial Accident Commission leaving open only the reasonableness of the charge for medical and hospital treatment has become final, the supplemental award for such treatment cannot be attacked on *certiorari* on the ground that the employer did not receive notice of the injury.

[5] ID. — DECISIONS—FINDINGS—CONCLUSIONS OF LAW—CERTIORARI — STATUTORY CONSTRUCTION. — Findings of the Industrial Accident Commission constitute a part of its decision subject to review under section 67 of the Workmen's Compensation Act, pursuant to the general rule of practice that the decision of a court consists of written findings of fact and conclusions of law, and section 20 of the act, which provides that, after final hearing, the commission shall make and file its findings upon all questions involved, and its award stating its determination as to the rights of the parties, the language used being similar to sections 632 and 633 of the Code of Civil Procedure relating to the statement of facts on decision. (On denial of rehearing.)

[6] ID.—REVIEW OF FINDINGS—EVIDENCE—CONSTRUCTION.— That portion of section 67 of the Workmen's Compensation Act which provides that the findings and conclusions of the Industrial Accident Commission on questions of fact shall be conclusive and not subject to review means only that the findings are conclusive when the Commission has not exceeded its jurisdiction by making a finding without support of testimony. (On denial of rehearing.)

(1) Workmen's Compensation Acts, C. J., p. 120, n. 11. (2) Workmen's Compensation Acts, C. J., p. 119, n. 4. (3) Workmen's Compensation Acts, C. J., p. 117, n. 56 New. (4) Workmen's Compensation Acts, C. J., p. 117, n. 56 New. (5) Workmen's Compensation Acts, C. J., p. 120, n. 11. (6) Workmen's Compensation Acts, C. J., p. 123, n. 47.

PROCEEDING in Certiorari to review a supplemental award of the Industrial Accident Commission. Affirmed.

The facts are stated in the opinion of the court.

John A. Rush for Petitioner.

G. C. Faulkner for Respondents.

6. See 27 Cal. Jur. 497.

THOMPSON, J.—This proceeding for the writ of review seeks the annulment of a supplemental award for a surgical operation and hospital bills amounting to the sum of $94. The original and one supplemental award were heretofore considered by the other division of this court and not disturbed. (*Coombs* v. *Industrial Acc. Com.,* 76 Cal. App. 565, [245 Pac. 445].) Finding No. 2 of the original findings and award is as follows: "The employer is liable for the reasonable cost of the medical, surgical and hospital treatment as was reasonably required to cure and relieve the employee from the effects of said injury, such cost to be fixed by the commission subsequently and supplemental award entered therefor upon filing of itemized bills therefor, and at the request of any person in interest."

The answer to the application for adjustment of claim sets up only two reasons for disallowance of the claim; first, that the injury was sustained not in the course of employment, but while the applicant was playing baseball, and, second, that the injury was contributed to by a chronic condition inflamed by reason of an injury occurring while playing baseball. There is recited in the return under the heading "Report of Hearing" as of February 26, 1925, several stipulations, three of which are as follows: 4. That no medical treatment was furnished by the employer; 5. That in the event the employer is found chargeable with the medical expense incurred by or on behalf of the employee the reasonable cost of such treatment may be determined by the filing of itemized bills for such treatment, and the submission of same to the medical department of the Commission; 6. That the employer had notice and knowledge of the assertion of a claim of injury as defined by section 15 of said act. The return also discloses that on July 2, 1925, and subsequent to the first supplemental award considered in the opinion mentioned, the petitioner filed an affidavit repudiating the stipulation and averring that he never so stipulated.

With this record and pursuant to the finding which we have quoted and to a request from the employee the Commission on March 9, 1926, made the supplemental award now in question. This the petitioner asserts was in excess of its jurisdiction, first, because there was no evidence of the

reasonableness of the charges, and, second, because there was no evidence of notice to the employer of injury sustained in the course of his work prior to the employment of the physician by the employee.

[1]    We think that petitioner is precluded from raising these objections at this time. It will be noted that they were not originally raised by answer and were in fact raised for the first time in the petition for rehearing after the supplemental award now under attack. In view of section 18 of the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 831) it is extremely doubtful whether objections raised for the first time in a petition for a rehearing can be considered. The import of that section would seem to be that the applicant is entitled earlier to be notified by the employer or insurance carrier of all matters upon which he intends to rely as a defense. Without passing, however, upon that question, we must accept the stipulation as found in the return and disregard the affidavit. As was said in the opinion in *Coombs* v. *Industrial Acc. Com., supra,* "We cannot, of course, consider the affidavits in re the stipulation made at the hearing before the referee, as the record of this matter before us cannot be so made up or so changed." Furthermore, the opinion just referred to says, "There are sufficient facts in evidence or shown by stipulation, to sustain each and every one of the findings of the commission." So far, then, as petitioner's first contention is involved, we are confronted by a stipulation that the reasonableness of the charges should be determined by the submission to the medical department of the Commission of the itemized bills. Such was the procedure adopted in *Myers* v. *Industrial Acc. Com.,* 191 Cal. 673 [218 Pac. 11]. We are also faced with a finding which is a part of the decision involved in the opinion from which we have quoted that petitioner here is liable for the medical expense, the amount and reasonableness to be determined in accordance with the stipulation. The supplemental return shows that this procedure was followed. [2]    While it is true that wherever possible a single final judgment should be made covering all of the matters involved, nevertheless the Commission did have the power to reserve, as it did here, the award for surgical and hospital treatment. This was done in the case of *McBride* v. *Industrial Acc. Com.,* 182 Cal. 407

[187 Pac. 1050].   [3]  The supplemental award cannot be attacked on the ground that there was no evidence of the reasonableness of the charge without disturbing the stipulation and the original decision of the case, which cannot be done because that decision has become final.

[4]  And so with the second ground upon which petitioner relies.  The finding which we have quoted is that "The employer" (petitioner here) "is liable for the reasonable cost of the medical, surgical and hospital treatment." If we were to hold here that no notice had been given, in effect it would be to insert the word "not" before the word "liable."  The only thing which was left open by this finding was the reasonableness of the charge to be fixed, in the manner we have already pointed out.

Our conclusion is that the decision of the Commission having become final, the petitioner cannot now be heard to complain of any part of that decision nor to repudiate the stipulation therein contained.

The supplemental award is affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 25, 1927, and the following opinion then rendered thereon:

THOMPSON, J.—[5]  In denying the petition for rehearing we deem it expedient to say that the language used by the other division of this court in *Coombs* v. *Industrial Acc. Com.,* 76 Cal. App. 565 [245 Pac. 445], "Whether a finding may be annulled where the award is not involved is doubtful, as section 67, referring to review by the courts, provides only for review of orders, rules, regulations, decisions and awards, and not findings of fact which are expressly not made subject to review," does not receive our approval.  It has long been the rule in our practice that the decision of a court consists of written findings of fact and conclusions of law, which decision constitutes the foundation for the judgment.  By section 20 of the Workmen's Compensation, Insurance and Safety Act of 1917, Deering's General Laws (1923 ed.), page 1710, we find the same practice outlined in the provisions as follows: "After final

hearing by the commission, it shall, within thirty days, make and file (1) its findings upon all questions involved in the controversy, and (2) its award which shall state its determination as to the rights of the parties." The similarity of the provision to sections 632 and 633 of the Code of Civil Procedure is indicative of an intent upon the part of the legislature, in using the word "decision," to designate the decision or the findings of the Commission on questions of fact. [6] That portion of section 67 of the Workmen's Compensation, Insurance and Safety Act which says that "The findings and conclusions of the commission on questions of fact shall be conclusive and final, and shall not be subject to review" simply means that the findings of the Commission are conclusive where the Commission has not exceeded its jurisdiction by making a finding without the support of testimony. (*Clapps Parking Station* v. *Industrial Acc. Com.*, 51 Cal. App. 624–627 [197 Pac. 369].)

The petition for rehearing is denied.

Works, P. J., and Craig, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 28, 1927.