[Civ. No. 9605. Second Appellate District, Division Two.—June 23, 1934.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and W. M. RINGER, Respondents.

C. W. Bowers for Petitioner.

Everett A. Corten for Respondent.

CRAIG, J.—On August 1, 1933, the respondent employee received in the course of employment an injury diagnosed and found by respondent commission as a direct inguinal hernia, consisting of an aggravation of a pre-existing disease into a disabling condition, for which he was awarded surgical, medical and hospital treatment. Petitioner seeks annulment of such award, contending that the commission acted in excess of its authority in that the award was unreasonable, since there had been an award in 1929 for the same condition between the same parties.

It is insisted that the applicant did not sustain in 1933 an injury contemplated by subsection 4, section 3, of the Workmen's Compensation Act. It is undenied that on the latter date the employee while walking down stairs fell and received injury as stated above. He testified also and consented to the introduction of a record which showed that in 1929 he had suffered an identical fall and injury accompanied by the same symptoms, for which the commission made an award of the same treatment. It further appeared that he had been given like treatment some years previously to 1929 and had been cured of a hernia, but that on the occasion of his second injury he recovered and "seemed to be all right" without treatment and did not avail himself of said award. The accident in 1933 resulted in a hernia at "about the same place, but about three times larger". The section of the statute invoked by petitioner provides that in case of aggravation of any disease existing prior to

such injury compensation shall be allowed only for such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to such injury. But ''even where a workman dies from a preexisting disease, if the disease is aggravated or accelerated under certain circumstances which can be said to be accidental, his death results from injury by accident, and is therefore compensable''. (*Knock* v. *Industrial Acc. Com.*, 200 Cal. 456 [253 Pac. 712].) ■ Aggravation into a disabling condition of a pre-existing hernia is the aggravation of a disease within the meaning of subsection 4 of section 3 of said act (Stats. 1917, p. 831, as amended), which provides that compensation shall be allowed only for such proportion of the disability due to the aggravation of the disease as may reasonably be attributed to the injury. (*Bige* v. *Industrial Acc. Com.*, 105 Cal. App. 210 [287 Pac. 577].) ■ That the employee was injured before and during his employment for which he received compensation is immaterial where it is not claimed that he was not justly entitled thereto. (*Thoreau* v. *Industrial Acc. Com.*, 120 Cal. App. 67 [7 Pac. (2d) 767].) ■ In *certiorari* the only question of law involved is whether there was any evidence supporting the finding that an award should be made. (*Roebling's Sons Co.* v. *Industrial Acc. Com.*, 36 Cal. App. 10 [171 Pac. 987]; *Newton* v. *Industrial Acc. Com.*, 204 Cal. 185 [267 Pac. 542, 60 A. L. R. 1279].) ■ The evidence that the applicant did not receive treatment for the prior minor injury, but that he did suffer in the course of employment a hernia after he had been cured, and that he thereafter sustained injury in the course of and arising out of his employment consisting of the aggravation into a disabling condition of a previous right hernia, as found by the commission, is not cast in doubt by conflicting evidence. Determining that the award should be limited to such proportion of disability as might have been reasonably attributable to the injury, i. e., to treatment therefor without indemnity for any period of disability, was an exercise by the respondent commission of its *quasi*-judicial discretion under said section of the statute, and may not be disturbed when so supported by evidence.

The award is affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.