[S. F. No. 16007. In Bank.—March 3, 1939.]

SOUTHERN PACIFIC COMPANY (a Corporation), Petitioner, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

James E. Lyons and R. E. Wedekind for Petitioner.

O'Melveny, Tuller & Myers and Homer I. Mitchell, as *Amici Curiae*, on Behalf of Petitioner.

Ira H. Rowell, Frank B. Austin, Mary J. Moran, Scott Elder and Hal F. Wiggins for Respondents.

THE COURT.—With the exception that with respect to one order that is involved herein, the subject of rates proposed to be charged for transportation of freight relates particularly to canned goods, and in a second order, that soap and other allied products represent the commodities that are affected by the several proposed rates,—no important factual differences are discernible when compared with the underlying facts that are narrated in the proceeding entitled *Southern Pac. Co.* v. *Railroad Com.*, No. 15980 (*ante*, p. 89 [87 Pac. (2d) 1055]), wherein a decision by this court has this day been filed. In addition thereto, each of the several contentions of the respective parties that are therein decided by this court is likewise applicable in the instant matter. No useful purpose would be served herein by a repetition thereof. Suffice it to say that appositely each of the several rulings that was made in the proceeding to which reference just has been had is adopted as a ruling in the proceeding now under consideration.

Particularly with reference to the point, in substance, that not only was there no evidence to support the so-called "finding" to the effect "that the rates under suspension . . . have not been shown to be justified . . . ", the record herein

not only sustains the petitioner in that regard, but goes further, in that it unmistakably appears that such finding is contrary to the evidence. In its brief herein, the respondent commission initially undertakes to show why, in rendering its decision in the proceeding then before it for consideration, the evidence that had been introduced by the petitioner at the hearing that took place before the respondent commission was disregarded. Nowhere in its ruling, which includes a commingling of argument, findings of fact and conclusions of law, did the respondent commission ever refer to either of the several postulates which it now advances as its reasons for refusing to give either full or any credence to such evidence. Indeed, other than the bare conclusion that the proposed rates were "not justified", the "findings" by the respondent commission contain no intimation but that the evidence that was received at the hearing on behalf of the petitioner did not deserve the weight to which on its face it was properly entitled. On the other hand, in its reply brief, the petitioner has effectively answered the asserted reasons for discrediting such evidence, which reasons, for the first time, are suggested by the respondent commission in its brief herein. But assuming, without conceding, that none of the reasons that are now urged as sufficient for the rejection of such evidence is sound, the respondent commission urges the point that "even though there be no conflict, the appraisal of the evidence presents a question of fact for the commission's determination; it does not raise a question of law for the determination of the courts".

In that connection, in substance, the statutory requirements as to "findings" to be made by the Railroad Commission are practically identical with those that are contained in the provisions of the Workmen's Compensation Act (sec. 67, Stats. 1917, p. 831) which relate to the Industrial Accident Commission, and which declare that "findings and conclusions of the [Industrial Accident] commission on questions of fact shall be conclusive and final and shall not be subject to review"; and that "such questions of fact shall include ultimate facts and the findings and conclusions of the commission". With regard to such a situation, it is stated in 27 California Jurisprudence, page 575 (sec. 218), that "When the jurisdiction of the [Industrial Accident] commission to make any award depends upon the establishment of an ultimate fact, the reviewing court may examine the evidence upon

which the finding of the commission to that effect is based,'' and that, ''In such a case, to justify the upholding of an award *there must be sufficient competent evidence* to support every jurisdictional fact essentially involved in the application for compensation. And where such findings have been made *without any evidence to support them,* the award will, of course, be annulled.'' (Emphasis added.)

In the instant case there was no evidence to support the Railroad Commission's finding that the proposed rate was not justified,—all the evidence being to the contrary,—and as hereinbefore stated, such finding was contrary to the evidence adduced.

In the case entitled *Coombs* v. *Industrial Acc. Com.,* 81 Cal. App. 137 [252 Pac. 1069, 253 Pac. 976], it was held that the portion of section 67 of the Workmen's Compensation Act to the effect that ''the findings and conclusions of the commission on questions of fact shall be conclusive and final and not be subject to review'', means merely that the findings of the commission are conclusive where the commission has not exceeded its jurisdiction by making a finding *without the support of testimony.* (See, also, vol. 12, Cal. Jur. Ten-year Supp., pp. 120, 121, and notes.) Again, in the case entitled *National Auto. Ins. Co.* v. *Industrial Acc. Com.,* 139 Cal. App. 414 [34 Pac. (2d) 163], with regard to findings of the Industrial Accident Commission, it was said that the only question of law involved was whether there was *any evidence* in support of the finding that an award should be made. And in the case entitled *Thoreau* v. *Industrial Acc. Com.,* 120 Cal. App. 67 [7 Pac. (2d) 767], it was held that even in cases where evidence is said to be conflicting, the conflict *must be substantial.* Although it was held in the case entitled *Hufstetler* v. *Department of Indus. Relations,* 107 Cal. App. 741 [290 Pac. 922], that notwithstanding the fact that evidence was uncontradicted, an order of the (Industrial Accident) commission which denied compensation would not be set aside where there were *circumstances in the case* which justified the commission in disbelieving the uncontradicted evidence,—it has been repeatedly held by the appellate courts of this state that an award of the Industrial Accident Commission, based on findings not supported by the evidence, should not be allowed to stand. In *Hubbert* v. *Industrial Acc. Com.,* 14 Cal. App. (2d) 171 [58 Pac. (2d) 171], in annulling an award of

the Industrial Accident Commission, it is said, " . . . if there is *no evidence* to support a finding, the proceeding becomes subject to the court's review (*Market Street Ry. Co.* v. *Industrial Acc. Com.*, 193 Cal. 178 [224 Pac. 95]) . . . "; and that "uncontradicted evidence, not inherently improbable, may not be arbitrarily rejected by the courts (*Cowan* v. *Hill*, 109 Cal. App. 656 [293 Pac. 871]) and the Industrial Accident Commission is bound by the same rule, this court having specified that there must be a real and substantial conflict in the evidence to render the findings of the commission immune to inquiry by a reviewing court [citing cases]. In the instant case, *in the absence of any evidence to the contrary,* and with all the direct evidence supporting the claim of petitioner that her deceased husband was an employee of Miller, we are constrained to hold that *there is no evidence* to support the finding that the deceased was Miller's partner". (Emphasis added.) (See, also: *Winthrop* v. *Industrial Acc. Com.*, 213 Cal. 351 [2 Pac. (2d) 142]; *Modoc County* v. *Industrial Acc. Com.*, 32 Cal. App. 548 [163 Pac. 685].) Again, this court said in *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.*, 197 Cal. 164 [239 Pac. 1072], that "the findings of the . . . Commission are subject to review only in so far as they have been made without any evidence whatever in support thereof. [Citing cases.] In short, if the facts show substantially without conflict that there is no evidence to support the finding, the Commission was without jurisdiction to make the same. There must be *some* evidence, upon which the finding of special employment is predicated, . . . " (Emphasis added.) See, also, *Nielsen* v. *Industrial Acc. Com.*, 125 Cal. App. 210 [13 Pac. (2d) 517]. In *Children's Hospital Soc.* v. *Industrial Acc. Com.*, 22 Cal. App. (2d) 365 [71 Pac. (2d) 83], where there was a total lack of evidence to support the finding, it was said that "an award of compensation may not be based upon surmise, conjecture or speculation".

In the case entitled *American Toll Bridge Co.* v. *Railroad Com.*, 12 Cal. (2d) 184 [83 Pac. (2d) 1], in reviewing the action of the Railroad Commission with regard to its powers affecting rate-making, this court said that an examination of the inquiry as to whether the rates so fixed are confiscatory necessarily entails a judicial determination of the question of whether the finding of such body is supported by the evi-

dence; also, that the requirements of due process are met where there is accorded "a fair hearing" and the commission has acted *"upon evidence* and not arbitrarily"; furthermore, that where these requirements are met, "the judicial inquiry into the facts goes no further than to ascertain whether *there is evidence* to support the findings,—and the question of the weight of the evidence in determining issues of fact lies within the legislative agency acting within its statutory authority". (Emphasis added.)

Although in the instant matter, in effect, the commission contends that regardless of the strength of evidence presented by the petitioner, and even in the absence of any evidence introduced to the contrary, the commission has the right to disregard the evidence and decide the issue according to its own concepts,—as a conclusion from the foregoing authorities it becomes apparent that the Railroad Commission has no greater authority than has the Industrial Accident Commission on questions of fact; and where, as here, all the evidence supports the petitioner's contention, and none has been adduced in opposition thereto, the ruling of the commission amounts to the making of an order by the commission without any evidence in support thereof.

For the reasons herein indicated, it is ordered that the order here in review be, and it is, annulled.

Rehearing denied.