[S. F. No. 21576. In Bank. June 25, 1964.]

VENTURA COUNTY WATERWORKS DISTRICT NO. 5,
Petitioner, v. PUBLIC UTILITIES COMMISSION, Respondent; CAMINO WATER COMPANY, Real Party
in Interest.

Woodruff J. Deem, District Attorney, K. Duane Lyders and
Paul L. McKaskle, Deputy District Attorneys, and Robert J.
North for Petitioner.

George F. Holden, County Counsel (Orange), Adrian Kuyper, Assistant County Counsel, Stanford D. Herlick, County Counsel (San Bernardino), John D. Watt, Deputy County Counsel, Robert Cutler, County Counsel (Santa Barbara), Price, Postel & Parma, Robert M. Jones, Harold W. Kennedy, County Counsel (Los Angeles), and Gordon W. Treharne, Deputy County Counsel, as Amici Curiae on behalf of Petitioner.

Richard E. Tuttle, Mary Moran Pajalich and Timothy E. Treacy for Respondent.

Robert B. Maxwell, Dooley & Dooley and David M. Dooley for Real Party in Interest.

TRAYNOR, J.—The Camino Water Company applied to the Public Utilities Commission for a certificate of public convenience and necessity to extend its public utility water service to Area No. 1 and Area No. 2, which are adjacent to its presently certified area near the unincorporated community of Camarillo. Area No. 1 is also adjacent to land included in and served by Ventura County Waterworks District No. 5. The district was organized under the County Waterworks District Law (Wat. Code, § 55000 et seq.) and is not subject to the jurisdiction of the commission. The district applied for a hearing pursuant to section 1005 of the Public Utilities Code to protest Camino's application for a certificate to serve Area No. 1.

At the hearing it was stipulated that Area No. 1 was not within the boundaries of the district; that no proceedings to annex Area No. 1 to the district had been commenced; and that, with the exception of service to one ranch under a contract for surplus water, no owner of land in Area No. 1 had requested service from the district. On the basis of this stipulation, the hearing examiner sustained Camino's objection to the district's offer to prove that it could provide better and more economical water service to Area No. 1 than Camino.[1] In a three-to-two decision the commission approved its examiner's ruling and granted a certificate of public con-

---

[1]Counsel for the district stated: "The basis of our objection [to Camino's application], which we will attempt to substantiate later on when it comes our turn to present evidence, is that the requested area abuts our present area and is partially surrounded by it at the present time; that . . . this area is a natural extension of our present service area, that we have facilities constructed and in being adjacent to this

venience and necessity to Camino. After its petition for rehearing was denied, the district petitioned for a writ of review and we granted the writ.

 A public utility has no constitutional right to be protected from competition, but it is entitled to a hearing before the commission may grant a certificate of public convenience and necessity to a competitor. (Pub. Util. Code, § 1005; *Sale v. Railroad Com.*, 15 Cal.2d 612, 614-615 [104 P.2d 38]; *California Motor Transport Co.* v. *Public Utilities Com.*, 59 Cal.2d 270, 271 [28 Cal.Rptr. 868, 379 P.2d 324].) An order granting or denying such a certificate may be reviewed in this court (Pub. Util. Code, § 1756), and if the commission did not regularly pursue its authority, its order will be annulled. (Pub. Util. Code, §§ 1757, 1758.) Errors in the admission or exclusion of evidence do not constitute a failure of the commission regularly to pursue its authority unless they result in an unfair hearing. (*Pacific Gas & Electric Co.* v. *Devlin*, 188 Cal. 33, 40 [203 P. 1058]; *Brewer* v. *Railroad Com.*, 190 Cal. 60, 77-78 [210 P. 511]; *Southern Pac. Co.* v. *Railroad Com.*, 13 Cal.2d 125, 129-130 [87 P. 1052]; *Market St. Ry. Co.* v. *Railroad Com.*, 24 Cal.2d 378, 383, 405 [150 P.2d 196]; see Pub. Util. Code, § 1701.)

 In the present case, the district contends that it was denied a fair hearing when the commission excluded all evidence that the district could provide better and more economical service than Camino. We agree with this contention. The commission could not fairly and reasonably determine whether public convenience and necessity required granting a certificate to Camino without considering what the alternative service by the district might be.

The commission and Camino point out, however, that the district could not serve Area No. 1 unless it was annexed to the district, and they contend that annexation was sufficiently speculative to justify the commission's disregarding the district as a potential supplier of water. The record does not support this contention. There is no evidence that annexation could not have been expeditiously achieved had the

area which are available for and were designed for the purpose of serving the area; and that the area would be better served in the interests of the citizens who will eventually purchase homes in the area by our district more economically and more satisfactorily; and finally, that the existing facilities of Ventura County Waterworks District No. 5 are more adequate and better suited and with greater capacity to serve the area than to permit it to be certificated to the applicant.''

commission concluded that the district could provide better and more economical service. The evidence that is in the record indicates that annexation was a practical alternative for securing water service for Area No. 1,[2] and the introduction of further evidence to that effect was blocked by the sustaining of the objection to the district's offer of proof.

Annexation is commenced by a petition to the governing board of the district by the holder or holders of title to one-half or more of the land sought to be annexed. (Wat. Code, § 55802.) It requires notice and a hearing, approval by the board, and in some cases approval at a special election. (Wat. Code, §§ 55800-55901.) The district wished to serve Area No. 1 and offered to prove that it had facilities adjacent to it that were designed to serve it. Had it been allowed to present its case, it might have proved that annexation was not speculative but would have followed if requested by the landowners. It is true that the landowners prefer service from Camino, but they are mainly subdividers who must arrange for adequate water service before they can proceed with the development of their subdivisions and the sale of lots therein. Had the commission heard the district's evidence and concluded that the availability of district service precluded finding that public convenience and necessity requiring certificating Camino, the necessary requests by the landowners for annexation to the district would almost certainly have been forthcoming.

By holding that the failure of the subdividers to commence annexation proceedings precluded considering the district as a possible alternative source of water service, the commission in effect delegated its power to decide the question of public convenience and necessity to the subdividers. It is for the commission, not the subdividers, however, to determine what public convenience and necessity require. The subdividers' preference is only one of the facts the commission may properly consider. A subdivider is primarily interested in installing a water distribution system in his subdivision at the lowest cost to him. The buyers of homes in the subdivision, however, are primarily interested in efficient and economical

---

[2]Two resolutions of the Ventura County Planning Commission were introduced into evidence. They conditioned approval of the recording of final subdivision maps for two proposed subdivisions in Area No. 1 on annexation of those subdivisions to the district. There was also evidence, however, that the planning commission would permit the substitution of another satisfactory water service.

service. Under the commission's Main Extension Rule (60 Cal. P.U.C. 318), a subdivider may install his water distribution system at a lower ultimate cost to him by dealing with a private water company instead of a public water district. The overall requirements of public convenience and necessity, however, may be better met by a public rather than a private system. It is for the commission to decide whether the public convenience and necessity require the certification of a private water utility when service by a public water district is also available, but it can properly make its decision only after considering what the alternatives are. In the present case it did not do so.

The order is annulled.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.

